Lena Baker v. Jewel Tea Company, Appellant.

**Corporations:** AGENCY: EVIDENCE. One admittedly secretary and treasurer of a mercantile corporation, also shown to have been general manager of the business and to have received and answered correspondence relative thereto, has authority to employ help in the management of a store operated by the company.

1

**Same:** HUSBAND AND WIFE: EMPLOYMENT OF WIFE. The fact that the wife previously assisted her husband in conducting a business for defendant, without other compensation than that paid the husband, will not affect a subsequent contract with her to pay her a stated compensation to continue the service; as she was under no obligation to do so without compensation. Evans, J., dissenting.

2

*Appeal from Linn District Court.*—Hon. Milo P. Smith, Judge.

Wednesday, June 7, 1911.

Action to recover compensation for services rendered to defendant at its request; the claim of plaintiff, a married woman, being prosecuted in her own right and as assignee of her husband. Plaintiff as her husband's assignee also claimed a sum due to him for shelving sold and delivered to defendant at an agreed price. There was a verdict for

the plaintiff in the sum of $614, being the entire amount of the plaintiff's claim in her own right and as assignee, with interest thereon. From judgment on this verdict defendant appeals.—*Affirmed.*

*H. C. Ring,* for appellant.

*Crosby & Fordyce,* for appellee.

McCLAIN, J.—The evidence for plaintiff tended to show that in December, 1903, W. A. Baker, plaintiff's husband, entered into the employ of the defendant as branch manager to carry on defendant's business in Cedar Rapids in the sale of teas, coffees, etc., at an agreed compensation of $15 per week and a ten percent commission on all sales in excess of $150 per week; that by this arrangement plaintiff was to assist her husband in carrying on the business, and making sales without additional compensation to her; that throughout the course of this employment which extended over a period of about two and one-half years, defendant's manager remitted to W. A. Baker weekly his agreed salary and the amount of commission found to be due him; that in April following the defendant's manager, one Ross, called at Baker's place of business while plaintiff was in charge of the store, and in her husband's absence said to plaintiff that she should "go ahead and help with the work, and we (the defendant) will pay you for your work;" that plaintiff continued to carry on the work in the store as before, without request for payment of compensation other than that paid to her husband, for a period of about two years, when just before the employment of plaintiff's husband terminated he wrote defendant that his wife had received no additional compensation, to which communication no response was made by defendant; that, without further demand on defendant, this action for compensation due on account of plaintiff's services was brought

one year after the termination of the services rendered to defendant by Baker and his wife; and that plaintiff's services to defendant were reasonably worth the sum of $20 per month and were rendered during a period of twenty-five months. The claim of compensation for shelving is supported by evidence tending to show that the traveling auditor of defendant, when Baker terminated his employment with defendant and turned over the business to his successor, agreed to pay Baker that amount. In his brief and argument counsel for appellant questions the sufficiency of the evidence to show that the contract with plaintiff for her services was made as alleged, and that Ross had authority to bind defendant by such a contract. The authority of the traveling auditor to bind defendant in the purchase of the shelving is also questioned.

I.    The evidence is amply sufficient to establish the authority of Ross to bind the defendant by any contract he should make in the carrying on of the business. Ross testified in his deposition that he was the secretary and treasurer of the defendant, and there is other testimony to show that he was defendant's general manager, and that letters written to the company in relation to the business were answered by him purporting to speak for the defendant.

1. CORPORATIONS: agency: evidence.

II.    There seems to be no doubt as to the authority of the traveling auditor to take possession of the business when surrendered by Baker and place a successor in charge. In that connection he certainly had presumptive authority to agree that Baker should be compensated for the shelving, possession of which was surrendered and transferred to the successor.

III.    The sufficiency of the evidence to sustain the finding by the jury and that Ross made a contract with plaintiff to pay her additional compensation for continuing to render services in assisting her husband to carry on the business is not

2. SAME: husband and wife: employment of wife.

seriously challenged. Although she had previously been assisting her husband without compensation, that fact did not render invalid the contract that she should have compensation from the defendant for such work, for it does not appear that she was bound to continue such service without other compensation than that paid to her husband.

There is a square conflict in the evidence as to any such arrangement as that testified to by plaintiff and other witnesses, but the credibility of the testimony was for the jury.

The judgment of the trial court is *affirmed*.

EVANS, J. (dissenting).—I think that the majority opinion overlooks an important part of the record. In November or December, 1903, the husband of plaintiff was employed to sell the teas of the defendant at Cedar Rapids. He was to receive $15 per week and ten percent commission on sales beyond $150 per week. But it was a part of this same agreement that he was to furnish at his own expense without charge to the defendant the services of his wife. This testimony is not only undisputed, but it appears affirmatively in the testimony from both sides. On behalf of the defendant, Ross, who made the contract with the husband, testified: "Our agreement with Mr. Baker, husband of the plaintiff, provided expressly that he was to furnish, at his own expense and without charge to us, the services of his wife or some suitable clerk to take care of the premium room." Plaintiff's husband, who was a witness in her behalf, testified on cross-examination as follows: "Q. At the time or preceding the time of your employment, was there any conversation between you and any representatives of the company as to whether your wife should or should not assist you in the work? A. At the time. Q. What was the conversation? A. She was to help me, what necessary help. Q. What was said about compensation to her? A. Nothing at that time. Q. Wasn't it dis-

tinctly stated that she was not to receive compensation?
A. Not in those words—that was the understanding."

The plaintiff did assist in the store in accordance with
such agreement, and was so assisting when she claims to
have had her conversation with Ross about the middle of
April, 1904. Her complete testimony concerning this con-
versation is as follows: "Mr. Ross said to me: 'Go ahead
and work, and we will pay you for your work.' I saw him
only once." There is no pretense of a new consideration.
She simply continued in the assistance of her husband as
she was already doing. Her sales were all reported in his
name, and he drew the commission thereon every week.
She testified: "All sales made were considered as Mr.
Baker's, and he received commission on all in excess of $150
per week." So far as the shelving is concerned, I think
the evidence was sufficient to sustain the verdict on that
item. But the claim for services is without merit, and is a
manifest afterthought. When plaintiff's husband quit the
service of the defendant, one Kleckner was sent to settle
with him. The settlement was had. A claim was made for
the shelving and was assented to by Kleckner according to
the evidence in behalf of plaintiff. But it is not contended
that any claim was made at that time for compensation
for the wife's services other than the regular commission
which was paid to the husband. Nor was any claim made
for two years thereafter. While such fact only goes to the
weight of the evidence, it nevertheless emphasizes the want
of legal merit already pointed out. I think the judgment
below ought to be reversed.